UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Shenzhen gu zi zhi neng ke ji fa zhan Co., Ltd, Dongguan shi mo di mo xing she ji Co., Ltd, Shenzhen fan wen ke ji you xian gong si, Shenzhen shi yang guang bao zhuang cai liao Co., Ltd, Shenzhen shi ai lai en dian zi you xian gong si<br><br>*Plaintiffs*,<br><br>v.<br><br>AUTOMATED PET CARE PRODUCTS, LLC<br><br>*Defendant*. | **CASE NO.** 25-10207<br><br>**Jury Demand** |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiffs, Shenzhen gu zi zhi neng ke ji fa zhan Co., Ltd, d/b/a PetPivot INC ("PetPivot INC"), Dongguan shi mo di mo xing she ji Co., Ltd, d/b/a Modi Tech ("Modi Tech"), Shenzhen fan wen ke ji you xian gong si, d/b/a fwing tech ("fwing tech"), Shenzhen shi yang guang bao zhuang cai liao Co., Ltd, d/b/a Yang guang Ltd ("Yang guang Ltd"), and Shenzhen shi ai lai en dian zi you xian gong si d/b/a Ailaien Tech ("Ailaien Tech") (collectively as "Plaintiffs"), against Defendant AUTOMATED PET CARE PRODUCTS, LLC ("Defendant"), claiming for patent non-infringement of certain Litter Box products, as defined herein ("Litter Box"), and invalidity against U.S. Patent No. 7,647,889 ("'889 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

### INTRODUCTION

1. Plaintiffs received several Notifications from Amazon.com in December 2024, stating that Plaintiffs' Litter Box were removed because of alleging infringement of the '889 Patent.

1

Amazon also notified Plaintiffs that it needs a court order stating that Plaintiffs are allowed to sell the removed products to reactivate their listings. Defendant's objectively baseless infringement complaint to Amazon has caused and continues to cause significant harm to Plaintiffs as the Litter Box have been removed from Amazon and Plaintiffs will lose all associated good will in the listings, not to mention lost sales. The alleged infringement to Amazon is wholly without merit as the Plaintiffs' Litter Box does not meet each and every limitation of any claim under the '889 Patent. Furthermore, the '889 Patent is invalid under 35 U.S.C. §§ 102, 103 and 112.

## NATURE OF THE ACTION

2.      This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continues to cause significant harm to Plaintiffs as the Litter Box have been removed from Amazon through the enforcement of the '889 Patent.

3.      This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's U.S. Patent No. 7,647,889 is invalid under at least 35 U.S.C. §§ 102, 103 and 112.

## PARTIES

4.      PetPivot INC is a foreign company organized under the laws of the People's Republic of China, and maintains a place of business in Shenzhen, China.

5.      Modi Tech is a foreign company organized under the laws of the People's Republic of China, maintains a business address in Dongguan, China.

6.      fwing tech is a foreign company organized under the laws of the People's Republic of China, maintains a business address in Shenzhen, China.

7. Yang guang Ltd is a foreign company organized under the laws of the People's Republic of China, maintains a business address in Shenzhen, China.

8. Ailaien Tech is a foreign company organized under the laws of the People's Republic of China, maintains a business address in Shenzhen, China.

9. Upon information and belief, Defendant is a company organized in Michigan. Defendant's registered office mailing address is 1080 WEST ENTRANCE DRIVE, SUITE 101, AUBURN HILLS, MI 48326.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

11. An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continues to cause significant harm to Plaintiffs as the Litter Box have been removed from Amazon through the enforcement of the '889 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

12. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant is domiciled in this judicial district.

## THE PLAINTIFFS' LITTER BOX

13. PetPivot INC sells the Litter Box on Amazon under the storefront PetPivot INC (Seller ID: A3ROSP9ANWFQFL) which has earned a lifetime rating of 4.8 out of 5 stars.

14. On December 17, 20224, PetPivot INC received a notification from Amazon. *See* Exhibit A. This notice informed PetPivot INC that Amazon removed its listing, ASIN No.

3

B0D8J5796M, because of Defendant's alleged infringement of the '889 Patent. Amazon also provided the Rights owner's name as Drew McElligott and its email address is amcelligott@crowell.com. *Id*.

15.  Modi Tech sells the Litter Box on Amazon under the storefront Modi Tech (Seller ID: A3W4FIHFMENG0B) which has earned a lifetime rating of 5 out of 5 stars.

16.  On December 3, 2024, Modi Tech received a notification from Amazon. *See* Exhibit B. This notice informed Modi Tech that Amazon removed its listings, ASIN Nos. B0D8VG6QFT, B0DKP2JYXR, B0DKP4DQYT, B0DKP32167, B0DKP4MXDM, B0D8VG6QFT, B0DKP3TDFP, B0DKP235TV, B0DKP24KJT, B0DKP4WXP9, B0DKP43LN2, B0DKP3YDVG, B0DKP2S2TY, B0DKP21XXN, and B0DKP5VNNN, because of the alleged infringement of the '889 Patent. Amazon also provided the Rights owner's name as Drew McElligott and its email address is amcelligott@crowell.com. *Id*.

17.  fwing tech sells the Litter Box on Amazon under the storefront fwing tech (Seller ID: A225KEE9Y3527L) which has earned a lifetime rating of 5 out of 5 stars.

18.  On December 3, 2024, fwing tech received a notification from Amazon. *See* Exhibit C. This notice informed fwing tech that Amazon removed its listings, ASIN Nos. B0D8VJCR2R, B0DKJPMC5V, B0DKT87PT9, B0DKSNB4C5, B0DKP1SM9G, B0DKS8W2YJ, B0DKT99Q6D, B0DKP2SCLX, B0DKJB1XP7, B0DKT9W4JR, B0DKJT2KD6, B0DKJJBBV8, B0DKTBVW2C, B0DKS66Y75, B0DKT9KFGR, B0DKJXPFP3, and B0DKT9DXN6, because of the alleged infringement of the '889 Patent. Amazon also provided the Rights owner's name as Drew McElligott and its email address is amcelligott@crowell.com. *Id*.

19.  Yang guang Ltd sells the Litter Box on Amazon under the storefront Yang guang Ltd (Seller ID: A3UK719E6VHLLO) which has earned a lifetime rating of 5 out of 5 stars.

4

20. On December 3, 2024, Yang guang Ltd received a notification from Amazon. *See* Exhibit D. This notice informed Yang guang Ltd that Amazon removed its listing, ASIN No. B0DBLDWQDY, because of the alleged infringement of the '889 Patent. Amazon also provided the Rights owner's name as Drew McElligott and its email address is amcelligott@crowell.com. *Id*.

21. Ailaien Tech sells the Litter Box on Amazon under the storefront Ailaien Tech (Seller ID: A32OWLEYD3H1QU) which has earned a lifetime rating of 4.1 out of 5 stars.

22. Ailaien Tech received a notification from Amazon. *See* Exhibit E. This notice informed Ailaien Tech that Amazon removed its listings, ASIN Nos. B0D9CSJZN7 and B0DJGPL6V8, because of the alleged infringement of the '889 Patent. Amazon also provided the Rights owner's name as Drew McElligott and its email address is amcelligott@crowell.com. *Id*.

23. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Litter Box, Plaintiffs need their products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Litter Box from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant's infringement reports. Thus, Defendant's submission of Amazon infringement reports has caused and continues to cause immediate and irreparable harm to Plaintiffs.

## U.S. PATENT NO. 11,478,889

24. The face of the '889 Patent lists Jerry Horanoff as the applicant and inventor of patent. *See* Exhibit F.

25. In 2019, the '889 Patent was assigned to Defendant. The '889 Patent is entitled "Apparatus for Litter Box" and generally discloses "A litter box has two unit assemblies and a waste receptacle. The first unit assembly has an unenclosed litter compartment; a compartment to

temporarily hold filtered litter; and a pivotally mounted screen that filters out waste material from the litter. The second unit assembly is a support base having a motor mounted thereto that manipulates the first unit assembly, and contains a motion sensor and controller." Exhibit F, at Abstract.

26. The '889 Patent was issued on January 19, 2010. The '889 Patent has a sole independent claim and twenty-six dependent claims, each claiming an apparatus.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '889 PATENT)

27. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

28. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the non-infringement of the '889 Patent by the Litter Box, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

29. Plaintiffs' Litter Box does not infringe any of the presumably valid claims of the '889 Patent, as the Litter Box fails to meet one or more elements of sole independent claim 1 of the '889 Patent.

30. For example, the Claim 1 of the '889 Patent claims the second unit assembly comprising "means within the base for movably and rotatably supporting the first unit assembly above the base." *See* Exhibit F, p. 15. However, Plaintiffs' Litter Box neither has, nor needs to have, nor is required to have four rollers 210 transversely arranged beneath the first unit assembly. In fact, Plaintiffs' Litter Box's litter chamber is rotatably mounted on the base unit through two joints located at the ends of the litter chamber (the first unit assembly) as shown below. The technical means (way) employed by the two are fundamentally different. Therefore, Plaintiffs'

Litter Box does not infringe Claim 1 of the '889 Patent, whether based on literal meaning or the doctrine of equivalents.



31.     Further, the Claim 1 of the '889 Patent claims the "means within the base, located below the means for supporting the first unit assembly, for receiving a waste receptacle such that the waste receptacle remains below the first unit assembly during a physical cycle." *See* Exhibit F, p. 15. However, Plaintiffs' Litter Box neither has, nor is capable of having, nor needs to have such a receiving cavity. As shown, the waste container of Plaintiffs' Litter Box is merely attached to the exterior bottom of the base unit, and Plaintiffs' Litter Box's base unit does not have such an internal storage cavity. Therefore, the technical solution of Plaintiffs' Litter Box is substantially different from that of Claim 1, whether based on literal meaning or the doctrine of equivalents. Consequently, Plaintiffs' Litter Box does not infringe Claim 1 of the '889 Patent.



7

32. Moreover, the Claim 1 of the '889 Patent also claims the "means for altering the orientation of the first unit assembly relative to the second unit assembly and the vector force of gravity." *See* Exhibit F, p. 15. However, Plaintiffs' Litter Box neither has, nor is capable of having, nor needs to have the track 110 extending over almost the entire outer surface of the litter chamber as claimed in Claim 1. Instead, Plaintiffs' Litter Box achieves the selective rotation of the litter chamber through a gear disc installed on the outer side of the litter chamber. Therefore, the technical solution of Plaintiffs' Litter Box is substantially different from that of Claim 1, whether based on literal meaning or the doctrine of equivalents. Consequently, Plaintiffs' Litter Box does not infringe Claim 1 of the '889 Patent.



33. Thus, among other things, Plaintiffs' Litter Box have entirely different structure and do not meet the limitation of the sole independent Claim 1 of the '889 Patent.

34. Likewise, since the sole independent claim 1 is not infringed, neither are dependent claims 2-6. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

35. Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit.

36. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Litter Box does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '889 Patent.

**COUNT II**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '889 PATENT)**

37. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

38. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '889 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

39. Claim 1 of the '889 Patent are invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior art cited herein.

40. U.S. Patent No. 6,701,868 is entitled "AUTOMATED, SELF-CLEANING CAT LITTER BOX APPARTUS" to John V. Shepherd ("Shepherd"). Shepherd has an earliest effective filing date of October 30, 2002, and was issued on March 9, 2004. A copy of Shepherd is attached as Exhibit G.

41. For example, Claim 1 of the '889 Patent is rendered obvious by Shepherd (with citations in the corresponding reference below):

   a. Shepherd discloses a self-cleaning cat litter box apparatus comprises a litter tray for containing a quantity of cat litter, a waste bin, and a mesh basket sized for having lower regions received into the litter [Exhibit G, Abstract];

   b. Shepherd discloses a first assembly comprising an unenclosed compartment [Exhibit G, Figure 1];

    c. Shepherd discloses a temporary litter storage compartment (42, underneath compartment formed by 26) [Exhibit G, p. 14];

    d. Shepherd discloses a screen (formed by 150, 152) located between the unenclosed compartment and the temporary compartment [Exhibit G, p. 14];

    e. Shepherd discloses a second unit assembly comprising a base (22) [Exhibit G, Figures 1, 2];

    f. Shepherd discloses means within the base for supporting the first unit assembly above the base (30) [Exhibit G, Figures 4, 6; p. 13];

    g. Shepherd discloses means within the base, located below the means for supporting, for receiving a waste receptacle (76) [Exhibit G, Figure 2; p. 14];

    h. Shepherd discloses means within the base for allowing communication of waste material from the first unit assembly to a waste receptacle (motor system of Shepherd) [Exhibit G, p. 15];

    i. Shepherd discloses a waste receptacle (74) [Exhibit G, Figures 2-3; p. 14];

    j. Shepherd discloses means for altering the orientation of the first unit assembly relative to the second unit assembly and the vector force of gravity (motor system of Shepherd) [Exhibit G, p. 15];

    k. Additionally, any other differences between Shepherd and Claim 1 of the '889 Patent are trivial/insignificant and fall within the routine skill of a person of ordinary skill in the art, and are therefore obvious

42. Therefore, Plaintiffs seek a declaratory judgment that at least Claim 1 of the '889 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. § 102 and/or § 103, in light of the cited prior art.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiffs' Litter Box based on the '889 Patent, and to refrain from lodging any further infringement complaints regarding the same.

B. Declaring that Plaintiffs' Litter Box does not infringe any of the claims of the '889 Patent;

C. Declaring that the claims of the '889 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. § 102 and/or § 103, in light of the cited prior arts;

D. A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

E. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

F. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

G. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages.

H. Awarding pre- and post- judgment interest.

I. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

| Date: January 23, 2025 | /s/ Dandan Pan |
|---|---|
| | Dandan Pan, Esq. |
| | GLACIER LAW LLP |
| | 41 Madison Avenue, Suite 2529 |
| | New York, NY 10010 |
| | dandan.pan@glacier.law |
| | (212) 729-5033 |